1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                          SOUTHERN DISTRICT OF CALIFORNIA

10

11   ANTOINETTE CHANDLER, an      )   Civil No. 14cv0060 BEN(RBB)
     individual,                  )
12                                )   ORDER GRANTING IN PART
                      Plaintiff,  )   PLAINTIFF'S EX PARTE MOTION TO
13                                )   MODIFY THE COURT'S SCHEDULING
     v.                           )   ORDER [ECF NO. 16]
14                                )
     MORGAN STANLEY SMITH BARNEY, )   Hon. Ruben B. Brooks
15   LLC, an unknown business     )
     entity; DOES 1-25, inclusive,)
16                                )
                      Defendants. )
17   ─────────────────────────────)

18       Plaintiff Antoinette Chandler filed her Ex Parte Motion to

19   Modify the Court's Scheduling Order on June 27, 2014 [ECF No. 16].

20   Defendant Morgan Stanley Smith Barney filed an Opposition on July

21   1, 2014 [ECF No. 17].

22       Plaintiff seeks to extend the date by which she can file a

23   motion to amend her pleadings.  The Court's Case Management

24   Conference Order requires that all motions to add parties or file

25   additional pleadings be filed so they are heard by July 7, 2014.

26   (Case Management Conf. Order 2, ECF No. 10.)  The Plaintiff alleges

27   that on June 25, 2014, she sought to schedule a hearing date for a

28   motion to amend. (See Pl.'s Ex Parte Mot. Modify Attach. #1 Mem.

                                    1

1  P. & A. 4, ECF No. 16.)  The next available date for a hearing on

2  Plaintiff's proposed motion was August 4, 2014.  (Id. at 2.)

3      Chandler seeks to add a Defendant, Morgan Stanley Investment

4  Management (MSIM), a division of Defendant Morgan Stanley Smith

5  Barney, LLC (MSSB).  (Id. at 1-2.)  According to the Plaintiff, on

6  June 13, 2014, she "learned that MSSB was putting the fault on MSIM

7  for not paying Plaintiff her commissions -- a position that had not

8  been foreseen or anticipated by Plaintiff until that time."  (Id.

9  at 3.)  She continues, "Plaintiff then deposed two MSIM managers on

10  June 24, 2014 and June 25, 2014.  Neither manager was able to

11  confirm that MSIM had paid MSSB the commissions following

12  Plaintiff's termination."  (Id.)

13      Plaintiff also seeks to add a claim for constructive

14  discharge.  (Id. at 6.)  She does not explain why this claim was

15  not added sooner.  Instead, Chandler asserts that at her

16  deposition, she stated that she resigned from her employment

17  because "she was not being paid her commissions."  (Id.)  Plaintiff

18  concludes that "there is no prejudice with regard to allowing [her]

19  to amend her complaint to add a claim for constructive

20  termination."  (Id.)

21      The Defendant argues that "Chandler has not provided any

22  justification for her delay in seeking to add MSIM as a defendant."

23  (Def. Morgan Stanley Smith Barney LLC's Opp'n 8, ECF No. 17.)  It

24  states that Plaintiff was provided information about MSIM in April

25  of 2014, when she received Defendant's initial disclosures.  (Id.)

26  Defendant maintains that before filing her Complaint, Plaintiff was

27  aware of "the payment structure for the referral fees from MSIM."

28  (Id.)

1    MSSB also argues that "Plaintiff cannot show that she has

2  pursued her proposed constructive discharge claim with the required

3  diligence." (Id. at 5.)  The Defendant asserts that Chandler "must

4  have known of the facts she contends support this proposed claim

5  when she resigned in July 2012, long before she filed even the

6  current operative Complaint." (Id. at 6.)  The Defendant also

7  states that it and MSIM would be prejudiced by the addition of new

8  claims and a new defendant. (Id. at 10.)

9       [D]istrict courts have applied a two-step analysis for
         use when a motion to amend the pleadings is made after
10       the deadline set in the scheduling order has passed:  (1)
         the moving party must satisfy the good cause standard of
11       Rule 16(b), and (2) if the movant satisfies Rule 16(b),
         the movant must pass the tests for amendment under Rule
12       15(a).

13  3 James Wm. Moore et al., Moore's Federal Practice § 16.13[1][a],

14  at 16-52 (3d ed. 2013) (footnote omitted); see also Lambey v.

15  Calif. Dep't of Ins., No. 2:11-CV-02392-KJM-KJN, 2013 WL 3992132,

16  at *2 (E.D. Cal. Aug. 1, 2013) ("[Rule 16(b)'s good cause

17  evaluation 'is not coextensive with an inquiry into the propriety

18  of the amendment under . . . Rule 15.'") (citation omitted).

19    Chandler has satisfied the good cause standard under Rule

20  16(b) for not seeking to add MSIM as a party earlier.  MSIM played

21  a part in the underlying transaction, and this was known to all.

22  But it's failure to pay referral fees to MSSB was confirmed on June

23  24 and 25, 2014.

24    Plaintiff has not, however, satisfied the Rule 16(b) standard

25  for adding a constructive discharge claim to her Complaint.

26  Chandler has made no showing that she diligently pursued adding

27  this theory of liability.  "Plaintiff was not diligent . . .

28  because she was aware of the facts and theories supporting

3

14cv0060 BEN(RBB)

1  amendment since the inception of the action." <u>Calderon v. Target</u>

2  <u>Corp.</u>, No. 12-CV-1781-MMA(PCL), 2013 WL 4401430, at *5 (S.D. Cal.

3  Aug. 15, 2013).

4      Chandler's claim that there is no prejudice to the opposing

5  party is not a substitute for diligence.  The absence of prejudice

6  does not satisfy the good cause standard of Rule 16(b).  <u>See</u>

7  <u>LaRiviere v. Phillips</u>, Civil Action No. 07-CV-01723-WYD-CBS, 2010

8  U.S. Dist. LEXIS 85125, at *33 (D. Colo. July 15, 2010); <u>Estate of</u>

9  <u>Ratcliffe v. Pradera Realty Co.</u>, No. 05 Civ. 10272 (JFK), 2007 U.S.

10  Dist. LEXIS 78070, at *4 (S.D.N.Y. Oct. 19, 2007).  At the same

11  time, Defendant's claims of prejudice are not persuasive.

12      Consequently, the Plaintiff's Ex Parte Motion to Modify the

13  Court's Scheduling Order is GRANTED IN PART.  The deadline for

14  filing a motion to amend to add Morgan Stanley Investment

15  Management as a party is extended to permit the filing of that

16  motion so that it may be heard by August 5, 2014.  In all other

17  respects, Plaintiff's Ex Parte Motion to Modify is DENIED.  No

18  other dates in the Court's Case Management Conference Order [ECF

19  No. 10] are extended by this Order.

20      IT IS SO ORDERED.

21

22  DATED:  July 2, 2014

        Ruben B. Brooks

23                                    United States Magistrate Judge

24  cc:
    Judge Benitez
25  All Parties of Record

26

27

28