1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10

ANTOINETTE CHANDLER,                    CASE NO. 14CV0060 BEN (RBB)

11
                                 Plaintiff,      **ORDER GRANTING MOTION**
                                                 **FOR LEAVE TO FILE FIRST**
12           vs.                                 **AMENDED COMPLAINT**

13       MORGAN STANLEY SMITH                    [Docket No. 21]
         BARNEY, LLC,
14
                                 Defendant.
15

16           Plaintiff Antoinette Chandler moves for leave to file a first amended complaint

17   to add Morgan Stanley Investment Management ("MSIM") as a defendant.  (Docket

18   No. 21.)  Defendant Morgan Stanley Smith Barney, LLC ("MSSB") opposes the

19   motion.  (Docket No. 23.)  Because Plaintiff's request is not untimely, unduly

20   prejudicial to MSSB, or futile, the motion is **GRANTED**.

21                                   **BACKGROUND**

22           Plaintiff brought this action against her former employer, MSSB.  (Notice of

23   Removal, Ex. A ("Compl.") ¶¶ 2, 8.)  She claims that under the terms of both oral and

24   written contracts she was entitled to commissions for investment referrals made to

25   MSIM and MSSB has failed to pay those commissions. (*Id.* at ¶¶ 9-14)

26           This action was filed in San Diego Superior Court on December 13, 2013.

27   (Compl.)  MSSB filed an Answer on January 7, 2014.  (Notice of Removal, Ex. C.)

28   MSSB removed the action to this Court on January 8, 2014.  (Notice of Removal.)  On

1  July 2, 2014, Plaintiff obtained a brief extension of the scheduling order's deadline to

2  file a motion to amend.  (Docket No. 18.)

3  **DISCUSSION**

4  Leave to amend under Rule 15(a)(2) should be "freely give[n] . . . when justice

5  so requires."[1]  The Ninth Circuit "has noted on several occasions . . . that the Supreme

6  Court has instructed the lower federal courts to heed carefully the command of Rule

7  15(a), . . . by freely granting leave to amend when justice so requires." *DCD*

8  *Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  "This policy is 'to be

9  applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d

10  1048, 1051 (9th Cir. 2003) (quoting *Owens v. Kaiser Found. Health Plan, Inc.*, 244

11  F.3d 708, 712 (9th Cir. 2001)).

12  Courts consider "undue delay, bad faith, dilatory motive, repeated failure to cure

13  deficiencies by previous amendments, undue prejudice to the opposing party, and

14  futility of the proposed amendment" in deciding whether justice requires granting leave

15  to amend under Rule 15.  *Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 538

16  (9th Cir. 1989) (citing *Foman v. Davis*, 370 U.S. 178, 182 (1962)).  Although each

17  factor may warrant consideration, "prejudice to the opposing party . . . carries the

18  greatest weight." *Eminence Capital*, 316 F.3d at 1052.  MSSB  argues that it will be

19  prejudiced by amendment, that Plaintiff has engaged in undue delay, and that

20  amendment is futile.[2]  The Court disagrees.

21  ///

22  ///

23

24  [1]Plaintiff's motion is subject to Rule 15(a), rather than Federal Rule of Civil
Procedure 16, because the motion was filed in compliance with the Court's scheduling
25  order.  *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952 (9th Cir.
2006) (finding that filing "a motion for leave to amend within the deadline set by the
district court . . . is subject to the limited constraints placed on motions for leave to
26  amend under Rule 15(a)" rather than the Rule 16 standard).

27  [2]Although the Court only analyzes the factors challenged by MSSB, the Court
notes that the other factors weigh in favor of granting leave to amend.  There are no
28  allegations that Plaintiff has acted in bad faith or with dilatory motive, and this is
Plaintiff's first attempt to amend her Complaint.

1   MSSB has not demonstrated that Plaintiff's amendment is unduly prejudicial to

2   MSSB.  MSSB's only claim of prejudice is based on potential delays in the progression

3   of the case.  MSSB argues the addition of MSIM might require the extension of

4   discovery deadlines that could delay resolution of Plaintiff's claims against MSSB.

5   However, the deadline to complete discovery is not until October 14, 2014.  Assuming

6   an extension is necessary, MSSB has not shown that it would be lengthy enough to

7   unduly prejudice MSSB.  *See Morongo Band of Mission Indians v. Rose*, 893 F.2d

8   1074, 1079 (9th Cir. 1990) (noting an almost two-year delay in seeking leave to amend,

9   alone, would not be enough to deny leave).  MSSB has not met its burden in showing

10  prejudice.  *DCD Programs*, 833 F.2d at 187  ("The party opposing amendment bears

11  the burden of showing prejudice.").

12          Plaintiff has not engaged in undue delay.  In June, Plaintiff discovered MSSB

13  was blaming MSIM for its failure to pay Plaintiff's commissions. Deposition testimony

14  taken in late June from MSIM employees suggested that MSIM did not pay MSSB

15  Plaintiff's commissions.  Plaintiff promptly sought a brief extension of the deadline to

16  file a motion for leave to amend and filed the instant motion within a few days of the

17  order modifying the scheduling order.

18          Plaintiff's amendment is also not futile.  MSSB argues Plaintiff's addition of

19  MSIM is futile because the claims against MSIM are time-barred and may be invalid

20  for failing to comply with the statute of frauds.  However, it is not obvious that the

21  allegations of the proposed amended complaint will be time-barred, or clear that the

22  contracts are invalid under the statute of frauds.[3]

23  ///

24  ///

25  ///

26

27          [3]The Court's conclusion that the amendment is not clearly futile does not
    preclude an appropriate challenge to the amended pleading under Federal Rule of Civil
28  Procedure 12.  *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 467 (2000) (noting a newly
    added defendant's right to respond to an amended complaint under FED. R. CIV. P. 12).

**CONCLUSION**

Plaintiff's motion for leave to amend is **GRANTED**.  Plaintiff may file a First Amended Complaint within five days of the filing of this order.

**IT IS SO ORDERED.**

DATED:  August 4, 2014

Hon. Roger T. Benitez
United States District Judge

14cv0060